IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FALASTIN MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22cv197 (LMB/IDD) |
| | ) |
| U.S. GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

ORDER

On February 23, 2022, pro se plaintiff Falastin Martin ("plaintiff" or "Martin") filed a complaint in which she named the U.S. Government ("Government") as the defendant and wrote "Multiple U.S. Government federal agencies" on the line intended for the defendant's "Job or Title." [Dkt. No. 1]. Because plaintiff has sought leave to proceed in forma pauperis [Dkt. No. 2], the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that a court "shall dismiss" an action filed in forma pauperis "at any time if the court determines that" the action is "frivolous," among other things. A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff asserts that this Court has subject-matter jurisdiction based on both federal question and diversity of citizenship and states the following as the federal question at issue:

> Using my phone to invade my privacy and share false information about me to multiple individuals at universities, workplaces, and in my personal life. Moreover, asking multiple individuals to provide false statements about me and make false accusations about me.
>
> The covert coercive control has been going on my entire life, but escalated in 2006 and continues to the present day. I made numerous reports with law enforement [sic] agencies, but each has been obstructed.

[Dkt. No. 1] at 3. In support of diversity jurisdiction, plaintiff identifies the Government as incorporated under the laws of the District of Columbia and the states of Florida, California, and Colorado. [Dkt. No. 1] at 4. As relief, plaintiff is "asking for $100 million" and "to speak to an attorney about this as legal representation continues to be obstructed with various attorneys." [Dkt. No. 1] at 4 and 5.

Although the complaint is difficult to decipher, it appears that plaintiff is seeking to hold the Government liable for the actions of one or more individuals who may be government employees. Plaintiff explains her claim as follows:

> The perpetrator[s] (Mohammad Maswadi and his accomplices') coercive control could've been stopped in 2006 whenever I spoke to the courts and law enforcement about his escalating abuse. Mohammad is believed to be a narcissist and <u>is believed to work for the U.S. Government</u>. Mohammad has the ability to track people's phones through his job. . . . I have been dealing with "narcissistic abuse and coercive control" my entire life, but it escalated in 2006 and continues until the present day. <u>I do not want to go into the details</u> of the "narcissistic abuse and coercive control" as it is textbook class behavior, but what makes this case unique is that the perpetrator was able to misuse his government position and connections with the government to commit "narcissistic abuse and coercive control" against various individuals covertly . . . .

[Dkt. No. 1] at 4 (emphasis added).

As a preliminary matter, the plaintiff's lawsuit is barred by the doctrine of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994), citing <u>Loeffler v. Frank</u>, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); <u>Federal Housing Administration v. Burr</u>, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Because plaintiff does not identify which agency or department of the Government she wishes to hold liable, there is no way to determine whether a waiver of sovereign immunity applies.

2

Moreover, even if this civil action were not barred by the doctrine of sovereign immunity, this Court would be compelled to dismiss the complaint. Although the complaint must be afforded a liberal construction because plaintiff is pro se, the Court "need not attempt to discern the unexpressed interest of the plaintiff. Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim." Naja v. Zahir, No. 3:21CV361, 2021 WL 5348671, at *5 (E.D. Va. Nov. 16, 2021) (internal quotations and citations omitted). To help pro se plaintiffs make adequate factual allegations, the Pro Se Complaint for a Civil Case form includes the following instruction: "State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." [Dkt. No. 1] at 4. Despite this instruction, plaintiff clearly did not provide sufficient details to state a claim upon which relief could be granted against the defendant.

Plaintiff alleges that for her "entire life" she has been subjected to "narcissistic abuse and coercive control" by "perpetrators" who are not named as defendants, one of whom the plaintiff believes—but is not certain—works for the federal government in some unspecified role. Plaintiff explicitly elected not to "go into the details" regarding the actions of the "perpetrators" and failed to allege any facts to support her claim that the Government should be held liable for their conduct. If plaintiff is attempting to allege that the Government failed to take appropriate action "in 2006 whenever [plaintiff] spoke to the courts and law enforcement about his escalating abuse," plaintiff fails to allege sufficient details including whether those "courts and law enforcement" were part of the federal government or were part of the government of one or more states. Instead, plaintiff merely alleges that "the perpetrator was able to misuse his government

3

position and connections with the government to commit 'narcissistic abuse and coercive control' against various individuals covertly." [Dkt. No. 1] at 4.

Courts have routinely dismissed pro se complaints that allege such amorphous and vast conspiracies. See, e.g., McBrien v. United States, No. 09-2432, 2010 WL 9498618, at *1 (D.D.C. Jan. 25, 2010) (dismissing a complaint alleging "fantastic and delusional scenarios of a nationwide conspiracy involving [plaintiff's] relatives, former relatives, and numerous state and federal agencies who work in concert to spy on, control, injure, and trick the plaintiff"); Ezike v. Nat'l R.R. Passenger Corp., No. 08-2139, 2009 WL 247838, at *3 (7th Cir. Feb. 3, 2009) (affirming dismissal of a complaint alleging a "narrative of a five-year conspiracy involving employers in different states, the teamsters, people of Indian descent, AMTRAK police, and armed secret agents harassing [plaintiff] as he traversed this country and others"). In addition, the sheer amount of money plaintiff seeks—$100 million—is irrational. Anderson v. Pollard, No. 3:20-cv-489, 2020 WL 9349174, at *2 (E.D. Va. 2020) (dismissing a complaint as frivolous partly on the basis of plaintiff seeking $75,000,000.00 in damages).

Finally, the Court will construe plaintiff's request to "speak to an attorney about this" as a motion for appointment of counsel. There is no constitutional right to counsel for civil actions, and "appointment of counsel rests within the discretion of the court." Williamson v. Ames, No. 2:19-CV-00405, 2020 WL 8969191, at *1 (S.D.W. Va. Mar. 6, 2020). In light of the frivolous nature of the complaint, this Court declines to appoint counsel.

Because plaintiff's complaint is barred by the doctrine of sovereign immunity, fails to allege a clear cause of action that is cognizable in this court, and seeks a delusional amount of damages, it is hereby

4

ORDERED that the complaint [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that plaintiff's motion for appointment of counsel be and is DENIED; and it is further

ORDERED that the plaintiff's application to proceed in forma pauperis [Dkt. No. 2] be and is DENIED as moot.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to plaintiff Falastin Martin, pro se, and close this civil action.

Entered this 28th day of February, 2022.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge